UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Dale Dwayne Greer,
a/k/a D'Leuchi Morris,

                Plaintiff,

vs.                           REPORT AND RECOMMENDATION

City of Duluth, Shana Harris,
Dale Marcus, Unidentified
Complainant, Patricia Behning,
Roger Waller, Vernon D.
Swanum, and Gerald C. Martin,

                Defendants.        Civ. No. 06-429 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Complaint, which seeks relief under Title 42 U.S.C. 1983, against a number of Minnesota State officials. Docket No. 1.

For reasons which follow, we recommend that the Plaintiff's Complaint be dismissed with respect to two of the named Defendants, pursuant to Title 28 U.S.C. §1915A.

## II. Factual and Procedural Background

The Plaintiff, who is an inmate at the Minnesota Correctional Facility in Rush City, Minnesota, alleges that in November of 2003, he was stopped by two City of Duluth police officers while he was walking along a public street. The officers informed the Plaintiff that he matched the description of a man who had just recently committed a domestic assault. The officers also accused the Plaintiff of having dropped a napkin containing crack cocaine when he saw the officers approaching. Although the Plaintiff denied that he had been involved in any wrongdoing, he was arrested and handcuffed. One of the officers allegedly told the Plaintiff, who is African-American, "We don't want your kind around here."

The Plaintiff was later charged with the possession of a controlled substance, in violation of Minnesota law. The State prosecutor in the case was the Defendant Vernon D. Swanum ("Swanum"), and the presiding Judge in the case was the Defendant Gerald C. Martin ("Judge Martin").

At a Preliminary Hearing in the Plaintiff's criminal case, the Plaintiff asked to have the charges against him dismissed. Apparently, he argued that the officers, who arrested him, lacked probable cause for the arrest, because he did not match the description of the suspect in the domestic assault incident which had precipitated the arrest. The officers who arrested the Plaintiff allegedly testified that they had honestly, but mistakenly, believed that the Plaintiff matched the description of the domestic assault suspect. The Trial Judge accepted that testimony, and denied the Plaintiff's Motion to Dismiss.

However, at a subsequent Hearing, the Plaintiff produced some additional evidence, which allegedly revealed that the arresting police officers knew that the Plaintiff did not match the description of the domestic assault suspect. Therefore, after that second Hearing, the Plaintiff's Motion to Dismiss the pending criminal charges was granted.

The Plaintiff is now attempting to sue the two Duluth police officers, who arrested him in November 2003, as well as the Police Chief, the City of Duluth, and other police officials. He is also attempting to sue the Swanum, and Judge Martin. The Plaintiff claims that all of the Defendants violated his Federal constitutional rights, and he is seeking a Judgment against them for compensatory damages.

III. Discussion

Since the Plaintiff is a prisoner, who is seeking redress from parties who are government employees, his pleading must be screened pursuant to Title 28 U.S.C. §1915A.  Section 1915A, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires Federal Courts to review a plaintiff's pleading in every civil action, which is brought by a prisoner against governmental entities and/or employees, "before docketing, if feasible or, in any event, as soon as practicable after docketing." Title 28 U.S.C. §1915A(a).  The Court must determine which aspects of the pleading are actionable, and should be allowed to proceed.  To the extent that the Plaintiff has failed to plead a cognizable claim, or seeks a Judgment against a party who is immune from being sued, his case must be dismissed.  Title 28 U.S.C. § 1915A(b)(1) and (2).

Here, the Plaintiff's Complaint fails to state an actionable claim for relief against two of the named Defendants -- Swanum and Judge Martin.  Both of those Defendants are wholly immune from the claims that the Plaintiff is attempting to bring against them. The Plaintiff's claims against Judge Martin are clearly barred by the doctrine of judicial immunity.  It is well-settled, under both Federal and State law, that Judges are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions. See, Pierson v. Ray, 386 U.S. 547, 553-54

(1967); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986); see also, Hoppe v. Klapperich, 224 Minn. 224, 234, 28 N.W.2d 780, 788 (1947)("'[I]t is unquestionable, and has been from the earliest days of the common law, that a judicial officer cannot be called to account in a civil action for his determinations and acts in his judicial capacity, however erroneous or by whatever motives prompted.'"), quoting Stewart v. Case, 53 Minn. 62, 66, 54 N.W. 938, 939 (1893). The Plaintiff plainly seeks to sue Judge Martin for acts that he allegedly performed as the presiding Judge in the Plaintiff's State Court criminal case. Therefore, those claims against Judge Martin are barred by the doctrine of judicial immunity.

It is also well-settled that State prosecutors are immune from civil rights claims that are based on actions taken in the performance of their prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409, 427-428 (1976); Patterson v. Von Riesen, 999 F.2d 1235, 1237 (8th Cir. 1993); Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992), cert. denied, 506 U.S. 1053 (1993). Prosecutorial immunity specifically applies to all acts or omissions by a prosecutor "in initiating a prosecution and in presenting the State's case." Imbler v. Pachtman, supra at 431. "If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute

immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996), cert. denied, 519 U.S. 867 (1996).

Under the doctrine of prosecutorial immunity, "[e]ven the dishonest or malicious performance of the function is absolutely immune from civil rights claims." Erickson v. County of Clay, 451 N.W.2d 666, 670 (Minn. App. 1990); see also, Willis v. Tarasen, 2005 WL 1270729 *5 (D. Minn., May 6, 2005)("Whether the claim is based on state common law tort claims, such as malicious prosecution or defamation, or federal civil rights claims, a prosecutor is absolutely immune from civil liability."), citing Brown v. Dayton Hudson Corp., 314 N.W.2d 210, 213 (Minn. 1981); Thompson v. Walbran, 990 F.2d 403, 404 (8th Cir. 1993), citing Burns v. Reed, 500 U.S. 478, 489 (1991), for the proposition that "prosecutors are 'absolutely immune from damages liability * * * for eliciting false and defamatory testimony from witnesses;'" see also, Myers v. Morris, 810 F.2d 1437, 1446 (8th Cir. 1987) ("[A]llegations that a prosecutor knowingly offered, used or presented false, misleading or perjured testimony at trial * * * do not defeat absolute prosecutorial immunity, regardless of how reprehensible such conduct would be if it occurred."), cert. denied, 484 U.S. 828 (1987).

Without question, Swanum is absolutely immune from the Plaintiff's current civil rights claims, since the Plaintiff is attempting to sue Swanum for acts that he allegedly performed during the course of the State's criminal prosecution against the Plaintiff.  See, <u>Brodnicki v. City of Omaha</u>, supra at 1266 ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process.").  Since Swanum is being sued for his purely prosecutorial activities, he is clearly entitled to prosecutorial immunity in this case.

Accordingly, given the immunity from suit of both Swanum, and Judge Martin, we recommend that this action be summarily dismissed as to those two Defendants pursuant to Section 1915A.

NOW, THEREFORE, It is --

RECOMMENDED:

That this action be summarily dismissed as to Defendants Gerald C. Martin and Vernon D. Swanum, pursuant to <u>Title 28 U.S.C. § 1915A(b)</u>.

Dated:  February 15, 2006                         s/Raymond L. Erickson
                                                  Raymond L. Erickson
                                                  CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 6, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 6, 2006**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.